# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | |
| | ) | **I.D. No. 30206697DI** |
| JONATHAN M. WONNUM, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 22, 2022
Decided: March 8, 2022

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

This 8th day of March, 2022, upon consideration of Defendant's Third Motion for Postconviction Relief, it appears to the Court that:

1.      Defendant Jonathan M. Wonnum ("Defendant") has filed this Third Motion for Postconviction Relief based on the Delaware Supreme Court's recent decision in *Reed v. State*,[1] alleging that he was denied his "constitutional right to have effective assistance of counsel to enter a motion to withdraw a plea bargain."[2] As such, Defendant requests that this Court grant him the right to withdraw his guilty plea and follow what the Defendant alleges are newly established constitutional procedures set forth in *Reed*.

2.      Defendant's first trial for First Degree Murder and Possession of a Deadly Weapon During the Commission of a Felony ended in a mistrial on the murder

---

[1] 258 A.3d 807 (Del. 2021).
[2] Defendant's Motion for Postconviction Relief at 3.

charge. The jury convicted Defendant on the weapon charge but deadlocked eleven to one in favor of conviction as to the murder.[3]

3.      On August 8, 1993, the morning of Defendant's retrial, Defendant pled guilty to First Degree Murder. As a result of the plea, the State set aside the verdict on the weapon charge.[4] The Court conducted a thorough plea colloquy and was satisfied that the guilty plea was "knowingly, voluntarily, and intelligently offered."[5]

4.      Before his sentencing, Defendant submitted a *pro se* letter asking to withdraw his guilty plea. He claimed he was "forced" into taking the plea.[6] After considering the letter as a Motion to Withdraw his Guilty Plea and a thorough review of the record, which included a conference with counsel, this Court denied the motion.[7] It held that "Defendant's request to withdraw guilty plea amounts merely to a change of mind of Defendant and does not demonstrate that the plea was involuntary or that Defendant was otherwise mistaken about his legal rights."[8] Defendant was sentenced to life in prison without the possibility of parole the next day and did not appeal.[9]

---

[3] *Wonnum v. State*, 1997 WL 588855, at *1 (Del. Sep. 16, 1997) (ORDER).
[4] *Id.*
[5] *State v. Wonnum*, No. IN92-09-0496, 0496 , 0497 (Del. Super. Aug. 9, 1993 (TRANSCRIPT) (hereinafter "Plea Transcr.").
[6] *Id.*
[7] *State v. Wonnum*, Docket #22, at 2 (Del. Super. Sep. 14, 1993) (ORDER).
[8] *Id.*
[9] *Id.* at 6. This Court's Order on his Motion to withdraw discusses, at length, several passages from Defendant's plea colloquy where he had the opportunity to alert the court to any coercion or misunderstanding in regards to his plea. Additionally, a fresh review of the transcript reveals several instances where the Court requested clarification from trial counsel, or further answers from Defendant to confirm the voluntariness of his plea. Plea Transcr. at 5, 9

5. Defendant, *pro se*, filed his First Motion for Postconviction Relief in 1997. In it, he again claimed issues with his guilty plea. He also claimed he was denied access to transcripts of his first trial.[10] This Court denied his Motion as previously adjudicated as to the guilty plea and found his transcript arguments "completely conclusory."[11] The Delaware Supreme Court affirmed this Court's denial on appeal.[12]

6. Defendant, *pro* se, filed his Second Motion for Postconviction Relief in 2014.[13] He again claimed ineffective assistance of counsel relating to his guilty plea. Defendant's second ground requested counsel and claimed the absence of counsel during his first motion establishes its own ineffective assistance claim.[14] This Court denied his Motion as procedurally barred.[15] This Court also concluded that there was no merit to Defendant's substantive allegations of ineffective assistance of counsel. This decision was affirmed by the Delaware Supreme Court.[16]

---

[10] *Wonnum*, 1997 WL 588855, at *1.
[11] Defendant's First Motion for Postconviction Relief, Docket #30 (Aug. 26, 1996).
[12] *State v. Wonnum*, Docket #34 (Del. Super. Feb. 26, 1997) (ORDER).
[13] *Wonnum*, 1997 WL 588855.
[14] Defendant first filed his Second Motion for Postconviction Relief on March 20, 2013 and an Order of Briefing was issued. Or. of Briefing, Docket # 43 (Apr. 24, 2013). Trial counsel submitted his affidavit, to which Defendant replied. Def.'s Reply to Aff., Docket # 48 (July 31, 2013). Defendant then filed a Motion for Default, as the State failed to file their Response by the August deadline. Def.'s Mot. for Default, Docket # 50 (Sep. 26, 2013). This Court denied that motion in a letter issued October 9, 2013 citing personnel changes at the Department of Justice and extended the State's deadline to November 29, 2013. Ltr. dated Oct. 9, 2013 from the Court to Mr. Grubb and Mr. Wonnum, Docket # 52 (Oct. 10, 2013). In that same letter, the Court further explained its denial of Defendant's request for counsel based on recently amended Rule 61, stating the new procedure only applies to first postconviction motions filed after the effective date of May 6, 2013. *Id.* Defendant also filed a subsequent Motion for Expansion of Record that was DENIED and a Motion for Expansion of Time that was GRANTED. Or., Docket # 57 (Dec. 24, 2013); Order, Docket # 59 (Jan. 13, 2014).
[15] 2014 WL 3058464 (Del. Super. Ct. Jul. 3, 2014).
[16] *Wonnum v. State*, 2015 WL 3456633 (Del. May 28, 2015).

7.      Now, before the Court is Defendant's Third Motion for Postconviction Relief where he again alleges that his trial counsel was ineffective during his plea negotiations. As such, Rule 61(d)(2) pertaining to successive motions is applicable. "[I]f a defendant files more than one Rule 61 Motion, every second or subsequent motion shall be summarily dismissed, unless the Motion meets one or both exceptions under Rule 61(d)(2)(i) or (ii)."[17] "Summary dismissal means that the Court rejects the motion without ruling on the merits of the claims raised within."[18] For this Court to consider Defendant's successive postconviction motions, the motion must either:

> (i) plead [] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) plead [] with particularity a claim that a new rule of constitutional law was made retroactive … applies to the movant's case and renders the conviction … invalid.[19]

8.      The argument presently raised by the Defendant falls under Rule 61(d)(2)(ii). Defendant alleges that the Delaware Supreme Court's decision in *Reed v. State* established a constitutional right to have effective assistance of counsel to enter a guilty plea withdrawal motion, and that he was denied that right when this Court

---

[17] *State v. Purnell*, 2020 WL 837148 at *9 (Del. Super. Ct. Feb. 19, 2020).
[18] *Id.*
[19] *State v. Wright*, 2018 WL 1129004, at *2 (Del. Super. Ct. Feb. 26, 2018) (citing Del. Super. Ct. Crim. R. 61(d)(2)(i)(ii).

denied his motion and request for new counsel.[20] However, Defendant's interpretation of *Reed* is misplaced, and thus, his argument fails.

9.     In *Reed*, the Defendant sought to withdraw his guilty plea but his counsel refused to file the motion believing there were no justifiable grounds to so.[21] Defendant then filed a *pro se* motion to withdraw his guilty plea but the Court refused to consider it because he was represented by counsel.[22] This led the Supreme Court to its holding that "a criminal defendant's control of the objectives of the representation prior to sentencing requires that counsel either obey an instruction to file a motion to withdraw a guilty plea, or seek leave to withdraw so that the defendant can file the motion with other counsel or *pro se*."[23] The Court then engaged in an analysis applying the *Strickland* two-prong test. As to the first prong, the Court concluded that trial counsel's performance was deficient for not filing a motion to withdraw the Defendant's plea prior to sentencing.[24] However, as to the second prong – the prejudice prong – this was a matter of first impression in Delaware. The Court explained, however, that its "inquiry is limited to whether Reed is entitled to an evidentiary hearing to try to develop facts that would support his Rule 61 claims."[25] Ultimately, finding that certain critical facts had not yet been

---

[20] Defendant's Motion for Postconviction Relief at 3.
[21] *Reed*, 258 A.3d at 812.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 827-29.
[25] *Id.* at 830-31.

5

developed, the Court concluded that it was not presently in a position to evaluate the merit of Reed's ineffective assistance claim as it related to his withdrawal challenge, and reversed and remanded the case back to this Court.[26]

10.     In the case at bar, Defendant filed his motion to withdrawal his guilty plea and request for new counsel *pro se*. In response, the Court conducted an immediate review of the matter which included a conference with counsel. Thus, unlike in *Reed*, Defendant is not "stuck in a Catch 22" where his trial counsel refused to file the withdrawal motion and the Court refused to consider his *pro se* motion because he was represented by counsel.[27] Unlike the situation in *Reed*, the Court with the assistance of counsel reviewed the matter and considered the substance of Defendant's argument relating to his desire to withdraw his guilty plea. Defendant's case is further distinguishable from *Reed* because he cannot satisfy the first prong of the *Strickland* test, and thus, whether or not he can satisfy the second prong is irrelevant. This Court has addressed the effectiveness of Defendant's trial counsel on two separate occasions and the Court has not faltered in its findings – trial counsel's conduct did *not* fall below an objective standard of reasonable. These

---

[26] *Id.* at 831.
[27] *Reed*, 258 A.3d at 812.

6

rulings were later upheld by the Supreme Court. [28]  In so finding, this Court explained:

> Similarly Defendant's request for a new attorney does not mandate the withdrawal of the Defendant's guilty plea and the appointment of counsel. Defendant makes only a conclusory accusation of "inadequate performance" and alleges nothing more than the fact that his counsel had "only" consulted with him "4 to 8 times" in the preceding year and that counsel for Defendant had otherwise recommended to him that he enter the plea.
> ….
> Defendant's Motion to Withdraw Guilty Plea makes no specific concrete showing of either unreasonable attorney conduct or prejudice … Such lack of showing requires rejection of the motion to withdraw guilty plea … Defendant's request for new counsel must be summarily denied. [29]

11.    Accordingly, as Defendant has failed to overcome the procedural bars to successive motions for postconviction relief, Defendant's Third Motion for Postconviction Relief is summarily dismissed, as required by Rule 61(d)(2). Even if Defendant were to overcome the procedural bar, this Court has already addressed the issues surrounding the Court's denial of Defendant's Motion to Withdraw Guilty Plea, and the Supreme Court affirmed those rulings. Moreover, *Reed* establishes no new constitutional right and to the extent that it does, the facts of this case make *Reed* inapplicable to it.

---

[28] *See State v. Wonnum*, 1993 WL 13826941 (Del. Super. Ct. Sept. 14, 1993); *Wonnum v. State*, 1997 WL 588855 (Del. Sept. 16,1997); *State v. Wonnum*, 2014 WL 3058464 (Del. Super. Ct. Jul. 3, 2014); *Wonnum v. State*, 2015 WL 3456633 (Del. May 28, 2015).
[29] *State v. Wonnum*, 1993 WL 13826951, at *2-3 (Del. Super. Ct. Sept. 14, 1993).

Therefore, Defendant's Third Motion for Postconviction Relief is SUMMARILY DISMISSED.

**IT IS SO ORDERED.**

/s/ *Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge